BOUTALL, Judge.
Michael Geissler, plaintiff-appellant, filed suit for damages against his mother, Mrs. Hattie Geissler, and her insurer, United States Fidelity and Guaranty Co., for personal injuries allegedly sustained in a slip and fall type accident on the front porch of his mother’s home on May 15, 1972. After trial on the merits, judgment was rendered for the defendants and plaintiff appealed.
The facts surrounding the accident itself are uncontested. On the night of May 15, 1972, the plaintiff was relaxing on a sofa at his mother’s home waiting for a tow truck to bring his disabled auto to the house. Around 10:30 P.M. the tow truck arrived and the plaintiff went outside to direct the placement of the vehicle. The plaintiff was not wearing shoes at the time; there is some question as to whether he was wearing his socks, but the trial judge concluded he was barefooted. He soon discovered that he had left his car keys inside the house, so he returned to the house at a pace described variously to be a run, a jog, and something between a walk and a jog. It had been raining most of that day and the sidewalk and concrete porch were wet.
As the plaintiff reached the slab portion of the overhang, which was of a smoother finish (a steel trowel finish) than the sidewalk, the plaintiff’s foot slipped. As the plaintiff fell, his head struck either the mailbox, the brick wall or both. The plaintiff then became unconscious and was taken to East Jefferson Hospital for treatment.
Plaintiff contends that his mother and her insuror are liable for damages in that the premises of Mrs. Hattie Geissler contained vices and defects, the concrete slab area of the porch was slippery, and that there was improper illumination of the area where the fall occurred. Plaintiff contends that those factors were the cause of his slip and fall and that the blow to his head suffered in the slip and fall has caused him to suffer a convulsive disorder.[1]
To support his contention that the area where he fell was defective in that the concrete was so slippery as to be dangerous when wet, plaintiff called Dr. Frank Durham, a physicist. Dr. Durham made several tests of the subject area to determine the coefficient of friction and determined that the area where the slip occurred has a low coefficient of friction and thus was more susceptible to causing people to slip. Al *339 though the figure he determined indicates slipperiness according to a standard scale used in determining the coefficient to friction between two objects, the witness did not establish the standards for safety using his method of testing.
Defendants’ expert, Mr. Cecil Shilstone, tested the subject surface with a standard, testing device approved by the United States Bureau of Standards. The results of the test were also supported by another device developed by the State of California. Mr. Shilstone tested the concrete at the area of the slip under both wet and dry conditions, and gave the opinion that even under the worst conditions, the “anti-slip coefficient” was within the standards regarded as “fair” by the United States Bureau of Standards. Additionally, Mr. Shil-stone testified that he had observed no structural defects at the area of the slip and fall.
The trial judge considered the issues to be whether the premises were safe or unsafe, and the contributory negligence of plaintiff. In dealing with those issues, the trial judge made the following conclusions in his reasons for judgment:
1). The plaintiff had lived in the premises prior to his marriage and was familiar with the slab portion and had been over these portions many times prior to and after his marriage, and there is no question that this is an area unfamiliar to him.
2). No one had ever had difficulties with the portion of the slab which forms the entrance to the front door and there had been no complaints of anybody falling previously.
3). Based upon the testimony of Mr. Shilstone, the portion (of the concrete slab) in front of the door did not have any structural or design defects.
In accordance with those conclusions, the trial judge was of the opinion that the accident complained of was not due to any structural or design defects but was due to plaintiff’s fault and negligence under the circumstances.
The record supports the finding that the premises were not unreasonably unsafe for normal use. By plaintiff’s own admission it is apparent that he was quite familiar with the area where he slipped and fell. Further, the plaintiff was trotting or jogging without shoes even though the area was wet from a day of rain. We agree with the trier of fact that to act in such a manner is not the exercise of the degree of care that an ordinary man would have used under like circumstances, and that the accident occurred due to plaintiff’s negligence.
It is well settled in our law that the judge is the trier of fact, and his findings will not be disturbed on appeal unless there is a showing of manifest error. Cannon v. Baron, La.App., 289 So.2d 835 (1974), Canter v. Koehring Company, La., 283 So.2d 716 (1973). Our review of the record fails to reveal any manifest error on the part of the trial court.
Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

. Because of the result reached in our determination of liability we pretermit a discussion of the issue of whether plaintiff proved a causal relationship between the fall and the convulsive seizure disorder.